No. 18,382.

Nancy Ruth Brigham *v.* Dwight P. B. Brigham.

(346 P. [2d] 302)

Decided November 16, 1959.

Messrs. Waldo & Waldo, for plaintiff in error.

Messrs. Clayton & Gilbert, for defendant in error.

*En Banc.*

Mr. Chief Justice Knauss delivered the opinion of the Court.

In the trial court plaintiff in error, the wife, was plaintiff, and defendant in error, the husband, was defendant. We will refer to the parties as husband and wife.

The wife brings the cause here on writ of error asking a review of the awards made by the trial court with reference to the division of property and award of per-

manent alimony and support money for the three minor children of the parties. For reversal it is urged that an award of $375 monthly, or $4,500 annually, to the wife as alimony and support of the minor children from a net annual income after payment of taxes of approximately $12,000 is grossly unfair and inequitable and constitutes an abuse of discretion on the part of the trial judge. It is also contended that the award of a Pontiac automobile, part of the furniture owned by the parties, $200 cash and assignment of an insurance policy having a cash surrender value of $1000 and payment of the outstanding bills of the wife, amounting to $1,176.91, leaving the balance of assets to the husband, constitute an abuse of discretion on the part of the trial judge. The wife demands a total award of $500 monthly as permanent alimony and support money for the children.

It appears that the wife desired the children to be placed with their maternal grandmother in California, or that the wife reside with her children in California. The decree provided that the husband pay the traveling expenses of the children to and from California. From July 1st to September 1st of each year the husband was awarded custody of the children during which period he was to pay $65 per month. In addition the wife was awarded $150 per month alimony until December 1958 and thereafter at the rate of $175 per month. To summarize, the trial court ordered the husband to pay the wife a total of $375 per month for ten months of each year and $65 per month in addition to the awarded alimony for the remaining two months during which time the husband was to have custody of the children. Commencing December 1, 1958, the total monthly payment for alimony and support money for the wife and children during the ten month period was increased to $400. The decree also provided that three life insurance policies on the life of the husband be placed in trust with the insurance companies so "That in the event of defendant's [husband's] death the sum of Two Hundred

Twenty-five Dollars ($225.00) per month will be payable to the guardian of the children with any balance to be used for said children's collegiate education, and balance, if any, distributed equally to said children upon their reaching their majority."

Hence it appears that all of the insurance policies on the life of the husband were either transferred to the wife or set up in trust for the children of the parties as beneficiaries. It is undisputed that the wife taught school for several years, even during her married life, and was in excellent health.

The husband submitted a statement of his income and expenses, which showed an adjusted gross income of $8,390.75. Computing the alimony and support at $300.00 per month; his anticipated monthly expenses were listed at $674.00, or a total of $8,088.40 annually. Hence after payment of income taxes and alimony payments his adjusted gross income was some three hundred dollars in excess of his anticipated monthly expenditures.

The law applicable to the instant case has been fully set forth in numerous decisions of this court, the latest of which is *Nunemacher v. Nunemacher,* 132 Colo. 300, 287 P. (2d) 663, in which we said:

"(1) Many factors enter into the determination of what division of property shall be made in the event of a divorce. Among these are the value of the estate to be divided; the financial condition of the parties; the ability of each spouse to earn money; how property was acquired; the age and status of the parties and all pertinent facts and circumstances bearing on the question."

* * * "Difficulty attends in arriving at a fair and equitable solution of matters of this kind, and the consideration thereof presents situations which in nearly every case try the patience of our courts. The instant case was tried by a seasoned judge with wide and varied experience in the field of domestic relations. The record discloses nothing which indicates, even remotely, an abuse of the judicial discretion vested in the trier of

facts. He patiently heard all the evidence submitted by the parties, observed the witnesses, considered the testimony, the exhibits and affidavits offered, and after mature deliberation made his order and decree.

\* \* \*

" (2) Matters of alimony and property settlement between husband and wife are within the sound discretion of the trial judge, and if supported by competent evidence will not ordinarily be disturbed on review. *Williams v. Williams,* 110 Colo. 473, 135 P. (2d) 1016; *Kleiger v. Kleiger,* 127 Colo. 86, 254 P. (2d) 426; *Mickle v. Mickle,* 125 Colo. 21, 239 P. (2d) 988. We have uniformly held that we will follow the trial court's findings in matters of this kind, if they have support in the evidence.

"In sum, what counsel for plaintiff asks us to do is to fix permanent alimony, and readjust the property settlement by giving plaintiff more than was awarded in the court below. This was a function of the trial court and cannot be assumed by us."

The last paragraph above quoted is most apt in its application to the instant case.

A full, complete and fair hearing was had before the trial judge on the matter of support money and permanent alimony, as well as on the matter of property settlement, and the determination in such matters rests within the sound discretion of the trial court.

There being ample competent evidence in the record before us to sustain the findings and conclusions of the trial court, the judgment is affirmed.