No. 19,219.

FLORENCE N. TRAYNOR *v.* WILLIAM J. TRAYNOR.
(360 P. [2d] 431)

Decided March 20, 1961.

Mr. L. A. HELLERSTEIN, Mr. ROBERT T. KINGSLEY, for plaintiff in error.

Messrs. DICKERSON, MORRISSEY and DWYER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THE parties to this action were formerly husband and wife, and we will so refer to them. They were married March 18, 1940, and on November 8, 1957, the husband obtained an interlocutory decree of divorce on the statutory ground of desertion. By the decree the trial court reserved jurisdiction to determine the property rights of the parties and on January 5, 1959, it heard evidence offered in connection with those issues. Additional hearings were conducted thereafter and on July 3, 1959, a property settlement decree was entered.

The wife is here by writ of error seeking a review of the awards made with reference to the division of property, contending that the trial court erred and abused its discretion in the following particulars: (1) The court in decreeing the division of property erroneously took into account an increase in the value of property inherited by the wife; and (2) the court erroneously failed to take into account efforts of the wife in the production of the assets being divided.

Counsel for the wife argue that she should have been awarded one-half of the assets acquired by the parties during their married life, plus an additional amount of cash or property acquired from the earnings derived from her operation of a tavern business.

Prior to their marriage the wife had acquired a parcel of real estate in Littleton, Colorado, through an inheritance, which was worth approximately $12,500.00 at the time of the marriage. The value of this property increased to $72,000.00 during the marriage.

At the time of the marriage the husband was engaged in the operation of a tavern at Midway, Colorado, pre-

viously acquired by him for the sum of $3,500.00. The real estate upon which the tavern was located was leased by him, and later, with monies accumulated through the joint efforts of the parties, the land was purchased for approximately $10,000.00. The value of this property increased during the marriage to $50,000.00.

It was admitted at the trial that the husband operated the tavern for about one year after the marriage; that he lost his license and thereafter a license was obtained in the wife's name and the tavern was so operated until December, 1956, but has not been operated since that time. While the wife operated the tavern, the husband was engaged in the livestock and farming business, and from the monies earned and accumulated from both enterprises the parties acquired other real estate, bonds, livestock, postal savings accounts, and miscellaneous assets with values fixed at approximately $99,500.00 at the time of the trial. The total assets considered by the court, whether acquired through inheritance or otherwise, had a gross value of approximately $221,500.00, which the court divided as follows, to-wit:

(a)   The wife was awarded the inherited property, which the court assessed at a value of $72,000.00.

(b)   The husband was awarded the tavern and surrounding acreage, with an assessed value of $50,000.00; and

(c)   The remaining assets were divided equally between the parties.

So divided the final distribution resulted in receipt by the wife of property valued at $121,000.00, while that of the husband was valued at $99,750.00.

At the conclusion of the testimony the trial court found that the joint funds of the parties were used to improve the wife's inherited property and to pay the taxes thereon. The decree in pertinent part is as follows:

"This matter coming on for hearing on the division of property between the parties and the Court after

hearing and continuing the proceeding as to value of the real estate involved herein, and the Court now being duly informed not only as to appraised values of the real estate but also as to the conduct of the parties prior to this action for divorce, this Court does find that the defendant during this marriage had charge of the monies belonging to the parties and that prior to the filing of the divorce herein, left the domicile of the plaintiff with monies belonging to the parties, the exact amount left uncertain.

"That bonds and securities were concealed here by her in safety securities boxes which were later discovered by plaintiff and ordered deposited in the registry of this court.

"The Court further finds that defendant inherited about thirty acres of land prior to this marriage which was appraised at about twelve thousand four hundred dollars at the time of the marriage and at the present time has a value of about seventy-two thousand dollars.

"The evidence discloses that some of the joint funds had been used for the upkeep of this real estate, * * *."

We have consistently held that property settlements are within the sound discretion of the trial court; that many factors enter into the determination of a proper division of property in the event of divorce, among the factors to be considered are the value of the estate to be divided, how it was acquired, the financial situation of the parties, and all other pertinent facts and circumstances bearing on the question. See *Nunemacher v. Nunemacher*, 132 Colo. 300, 287 P. (2d) 663; *Brigham v. Brigham*, 141 Colo. 41, 346 P. (2d) 302. The rules set forth in those decisions are applicable to the instant case. In any event a property settlement in a divorce action must depend on the particular facts of each case. *Urling v. Urling*, 107 Colo. 186, 109 P. (2d) 1060.

In the absence of a clear showing of an abuse of discretion this court will not interfere with a determina-

tion of such matters by the trial court. No such showing is made in this cause.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.