No. 19,802.

ALLEN BELL *v.* CAROLYN ELIZABETH BELL.
(371 P. [2d] 773)

Decided May 14, 1962. Rehearing denied June 11, 1962.

Mr. GRAHAM SUSMAN, Mr. HYMAN D. LANDY, for plaintiff in error.

Messrs. DICKERSON, MORRISSEY & DWYER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFF in error, to whom we will refer as Allen, is here on writ of error to review a judgment entered by

the district court awarding defendant in error certain assets on a division of property following the entry of a decree of divorce granted to Allen.

Defendant in error, to whom we will refer as Carolyn, was married to Allen in June 1947. Two children were born to the parties. In 1956 an action for divorce was commenced by Carolyn but the parties reconciled their differences and the case was dismissed.

The instant action for divorce was started by Carolyn March 9, 1959. She alleged in her complaint that Allen was guilty of extreme and repeated acts of cruelty. He denied the charges and affirmatively alleged that Carolyn had been guilty of misconduct which entitled him to a decree of divorce on the cross-complaint filed by him. Carolyn withdrew her complaint and answer to the cross-complaint of Allen March 15, 1960, and thereupon the trial court took evidence and granted a decree of divorce to Allen.

Orders concerning custody of the children, temporary alimony, and attorney's fees were entered during the pendency of the action. The trial court reserved for future determination matters concerning "division of property, permanent alimony, support money, custody costs and attorneys' fees." Pending determination of these matters the above-mentioned temporary orders were continued in full force until the date of the remarriage of Carolyn on May 15, 1960. Following that marriage, payments for child support only, made by Allen, were reduced to $250.00 per month. Numerous hearings were thereafter held concerning a division of property.

January 9, 1961, the trial court entered findings and judgment under the terms of which the following property was awarded to Carolyn:

1. The residence at 304 Ivanhoe street, Denver, formerly occupied by the parties, together with all furniture and household goods located therein.

2. The real estate commonly described as 2415 Champa street, Denver.

3. The real estate commonly described as 2425-27 Champa street, Denver.

The residence was subject to encumbrances amounting to $27,000.00, and the Champa street properties were subject to encumbrances totalling $23,100.00, making a total indebtedness against the properties awarded to Carolyn of $50,100.00. The decree entered by the trial court directed that Allen should, within six months from its date, pay the entire indebtedness against all of these properties and deliver to Carolyn title thereto free and clear of all encumbrances. There was a very substantial difference of opinion concerning the value of the property involved in this controversy and the trial court made no specific findings with reference to the value of any of it.

The court awarded to Allen real estate known as 2400 Curtis street and 2403 Champa street, in Denver, and, here again, there is a wide disparity in the estimates of the value of these properties, and the decree of the court contains no findings whatever with reference thereto. The businesses known as Bell Publications and Golden Bell Press were also awarded to Allen. The business operations conducted by him were considerably involved and subject to substantial indebtedness and heavy operating costs. The trial court again made no findings on the question of net earnings or of the reasonable value of any asset awarded to Allen. It is clear from the evidence that all the properties awarded to Allen are heavily encumbered and the two businesses are heavily involved financially. Under the decree entered by the trial court Allen was required in some mysterious way to pay off, within a six months period, the $50,100.00 indebtedness against the property awarded to Carolyn, and in addition thereto to pay the sum of $250.00 per month for the support of his children.

Nothing appears in the record which could possibly justify an order so burdensome.

We have no hesitancy in holding that under the facts disclosed by the record this division of property is mainfestly unfair, inequitable and unconscionable, and amounts to such an abuse of discretion on the part of the trial court that it must be, and accordingly is, vacated and set aside. No good purpose would be served by lengthening this opinion with citation of authority or quotations from opinions of courts of last resort. It is generally true that the matter of division of property between divorced persons lies within the sound discretion of the trial court, and in the absence of a clear showing of an abuse of this discretion this court will not set aside or vacate its findings. *Traynor v. Traynor,* 146 Colo. 70, 360 P. (2d) 431. However, where, as in the instant case, the abuse of this discretion is manifest, and the trial court's decree operates in such manner as to be burdensome and oppressive, this court will set it aside. *Stephenson v. Stephenson,* 134 Colo. 96, 299 P. (2d) 1095.

The judgment is reversed and the cause remanded for reconsideration of all issues reserved for determination at the time of the entry of the decree of divorce.

MR. JUSTICE HALL and MR. JUSTICE FRANTZ concur.