## No. 20477.

CHARLES WELBY SCHRADER *v.* ELAINE M. SCHRADER.
(400 P.2d 675)

Decided March 29, 1965.     Rehearing denied April 19, 1965.

CHARLES S. VIGIL, for plaintiff in error.

GROVES, DUFFORD, NELSON & SPIECKER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

CHARLES seeks a reversal by writ of error of that portion of the divorce decree dealing with alimony, division of property, reimbursement of expenditures made by Elaine for support of herself and the child of the parties, and the custody of the child. It is his contention that there is no justification for the relief granted in these respects, that his estate and possessions should remain totally in him because the trial court granted him the divorce, and that custody of the child should not be awarded to a non-resident wife.

Elaine had sued for separate maintenance on the ground that Charles had been extremely and repeatedly cruel to her. She asked for an accounting of the husband's property, support, court costs, custody of their minor child, and property division. By his answer Charles put in issue the allegation of cruelty, and by counterclaim sought a divorce from Elaine on the ground of cruelty, asking additionally that the custody of the

child be awarded to him. In her answer Elaine denied the charge of cruelty.

Pending final disposition, Elaine moved for alimony pendente lite of $100.00 per week and reimbursement of $3,050.00 spent by her for the maintenance of herself and support for their child, the latter sum having been borrowed by her from her mother for their maintenance and for expenses incurred in traveling from Chicago, Illinois to Grand Junction, Colorado, in connection with the hearing. In ruling on this motion, the trial court awarded Elaine $250.00 per month temporary support and traveling expenses in the amount of $150.00, but did nothing concerning reimbursement.

Trial without a jury on the matters of separate maintenance and divorce commenced on July 25, 1962, immediately after which the trial court heard evidence relating to the other relief requested by the parties.

It found both parties guilty of cruelty and that each was entitled to the disunion sought, but determined that, under the law, the action for separate maintenance "is subordinate to and merged in the finding with respect to the divorce." In its decree, it placed custody of the child in Elaine, but made provision for reasonable visitation by Charles; directed Charles to pay $100.00 per month toward the rental of a house in or near Grand Junction for a period of six months, during which time Elaine was to acquire a home for herself and the child, upon which Charles would be required to pay $10,000.00; and required Charles to pay $2,000.00 for furniture and appliances within the said period to equip the home.

The trial court further ordered Charles to pay to Elaine alimony in the sum of $200.00 per month, and support for their child in the sum of $75.00 per month, payments therefor to commence on August 1, 1962. It directed Charles to reimburse Elaine in the sum of $1,500.00 for money which she spent for maintenance of herself and support of the child prior to the institution of the action. It also ordered Charles to pay up to $400.00

for the actual cost of dental work to be performed on the wife.

By its decree, the trial court required Charles to supply Elaine with an automobile, the cost of which was not to exceed the sum of $1,200.00. It allowed an additional attorneys' fee in the sum of $350.00 to Elaine's counsel.

To make the payment of these various sums possible, the trial court authorized Charles to borrow $60,000.00 to be evidenced by a promissory note and secured by a mortgage on all or part of his property, real and personal, and otherwise provisionally enjoined him from any disposition, encumbrance, conveyance, or transfer of his property.

The evidence discloses that Charles is a railroad employee earning from $7500.00 to $8700.00 per year, and that he is the owner of real and personal property consisting of a cattle ranch, stock, peach orchard, farm machinery, and an automobile, all in the approximate *net* value of $130,000.00.

From the evidence it appears that the farm operation has been operated at a loss over the last several-year periods, and as a result Charles has shown on his tax returns net income for the years 1957 through 1960 respectively of $1,390.57, $1,947.06, $2,564.26, and $2,766.78. His losses resulted from the operation of the peach orchard; his gains and losses in the cattle business virtually balanced.

Charles had purchased all the property, real and personal, prior to his marriage to Elaine. The parties were united in marriage on June 1, 1959, had a child on July 11, 1960, and the suit herein was filed on October 12, 1961. At the time of the divorce, Elaine was nearly 39 years and Charles 59 years of age.

Elaine is a registered nurse in Illinois, but not in Colorado. She had worked as a railroad stewardess prior to the marriage and was so employed during the first four months of marriage, earning approximately $400.00 per

month. Thereafter she was a housewife and on occasions helped in the operation of the ranch.

Prior to the marriage, Elaine had resided with her mother in Chicago. Charles agreed with Elaine that she should be cared for by her doctor in Chicago, who would know best how to cope with difficulties which developed from her pregnancy and subsequent child-bearing. During the several months that she remained in Chicago, he sent her only $100.00. To meet her expenses there she borrowed from her mother, and at the time of suit she was still obligated to her mother for sums borrowed.

During the pendency of the suit, Elaine and the child lived with her mother in Chicago. She advised the trial court that she would willingly live in Grand Junction, provided Charles would provide a home for them and supply them with necessaries.

Perhaps the best statement epitomizing Charles' position regarding alimony and property division is the following from his initial brief:

"But he does not have an obligation to provide alimony and to divide the property which he accumulated before his marriage with his former wife who is some twenty years younger than he is, and who, without sufficient cause, has seen fit to return to Chicago, Illinois, to live and who has committed acts sufficient in the eyes of the Court to justify the granting of a divorce decree to the father of the child in this case."

Much of the data in his contention, however, is dispelled by the trial court's findings based upon substantial evidence. That there is evidence which supports the trial court's finding that Charles was guilty of extreme and repeated acts of cruelty toward Elaine appears beyond doubt. To detail such evidence is unnecessary.

An action for separate maintenance may be predicated "upon any grounds provided by law for divorce." C.R.S. '53, 46-2-1. In 1958, the divorce law underwent a material change in that if "either or both of the parties shall be found guilty of any, or more, of the

grounds for divorce, then a divorce may be granted to either, or both of said parties in accordance with such findings." 1960 Perm. Supp. C.R.S. section 46-1-4.

It should be noted that the defense of recrimination is no longer a part of the law of Colorado, and that the lower court, in consequence of the statute, acted properly in granting a divorce to the husband, although it found him guilty of cruelty toward his wife. See *Walden v. Walden,* 147 Colo. 221, 363 P.2d 168. That he obtained the decree of divorce under such circumstances makes inapplicable certain language in *Henderson v. Henderson,* 104 Colo. 325, 90 P.2d 968, to the effect that the losing party found guilty of wrong may not be awarded alimony—language, indeed, that has since been repudiated in *Reap v. Reap,* 142 Colo. 354, 350 P.2d 1063.

Matters of alimony and property division are matters within the sound discretion of the trial court, and this Court will upset the exercise thereof only when it has been abused. *Green v. Green,* 139 Colo. 551, 342 P.2d 659; *Nunemacher v. Nunemacher,* 132 Colo. 300, 287 P.2d 663. The abuse must be manifest and the court's decree operate in such manner as to be burdensome and oppressive before this Court will set it aside. *Bell v. Bell,* 150 Colo. 174, 371 P.2d 773; *Traynor v. Traynor,* 146 Colo. 70, 360 P.2d 431; *Reap v. Reap, supra.*

The finding that both parties were at fault will not of itself bar a division of property but is only one of the elements to be taken into consideration; and, in the absence of moral delinquency or complete disregard of the marriage vows and duties, such finding should not act as an obstacle to a division of property and an award of alimony. *Reap v. Reap, supra; Shapiro v. Shapiro,* 115 Colo. 505, 176 P.2d 363.

This Court has held that it is not a prerequisite to a fair and equitable division of property that the wife must show that she has contributed by funds or effort to the acquisition of the specific property awarded to her.

*Henderson v. Henderson,* 104 Colo. 325, 90 P.2d 968; *Shapiro v. Shapiro,* supra; *Walden v. Walden,* supra.

■■■ In *Walden v. Walden, supra,* language used in *Nunemacher v. Nunemacher, supra,* was approvingly quoted, it being to the effect that, even though this Court might have divided the property differently than did the trial court, it would uphold an award which showed an exercise of discretion having support in the evidence.

Here the evidence disclosed that Charles had a net estate of $130,000.00. The award of property totaled $13,200.00, which is a little more than 10% of the net estate. We do not find this to be arbitrary or excessive. See *Shapiro v. Shapiro, supra.*

We cannot say that the awards of $200.00 per month as alimony for Elaine's maintenance and $75.00 per month for the child's support are unreasonable. There is ample evidence to uphold these awards. See *Watson v. Watson,* 135 Colo. 296, 310 P.2d 554.

Certain facts should be considered in passing upon the propriety of the order of reimbursement in the sum of $1,500.00. Charles agreed that Elaine should go to Chicago for the delivery of their child, because she would be under the care and attention of her regular physician who had treated her for a number of years. There is evidence that she suffered serious complications as a result of the birth of the child, requiring medical attention, and Charles was aware of this condition. On one occasion, he sent her $100.00 to help defray the expenses she had incurred while in Chicago. Elaine made requests for further help which were unavailing. She then borrowed from her mother in order to care for herself and the baby.

■■■ A husband who assents to his wife being rendered medical services away from home must certainly expect to pay for her care and support. That he recognized his obligation by partially paying for the maintenance and support of his wife and their child is of some

significance. The husband is liable under such circumstances to pay his wife's debt to her mother. These facts make *Gourley v. Gourley*, 101 Colo. 430, 73 P.2d 1375, 113 A.L.R. 1099, upon which Charles relies, wholly inapplicable.

The action of the trial court in permitting a loan and encumbrance to a certain extent on the Charles Schrader property, and enjoining him from dealing with the remainder in such fashion as to depreciate it, forms the basis of alleged error. There is, in our view, no merit in this contention of Charles. Trial courts have inherent power to make their orders effectual. *Johnson v. Johnson*, 22 Colo. 20, 43 Pac. 130. 1960 Perm. Supp. C.R.S., section 46-1-5 (2) by its general terms "provides simply that the old remedies may be applied." Idem. The cited section reads as follows:

"At the time of the issuance of a divorce decree, or at some reasonable time thereafter as may be set by the court at the time of the issuance of said divorce decree, on application of either party, the court may make *such orders*, if any, *as the circumstances of the case may warrant relative to division of property*, in such portions as may be fair and equitable." (Emphasis supplied.)

Such injunction, of course, should be dissolved upon showing that there has been compliance with the order of court relating to the purchase of the several items.

There is no merit to the argument by Charles regarding the order putting custody of the child in a non-resident. Elaine advised the trial court of her willingness to live with the child in or near Grand Junction. The order is posited on that basis.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE MCWILLIAMS concur.