Mr. Justice Frantz
delivered the opinion of the Court.
In the decree for divorce, Jack Erfurdt was ordered to *233 pay $100.00 per month for the support of the two children born as the issue of his marriage with Armenia Elizabeth Erfurdt, now surnamed “Lilly.” Because one of their children had reached his majority, and had obtained employment effective after completion of R.O.T.C. military duty for a six-weeks period, Mr. Erfurdt sought formally to have the amount of support for his remaining minor son fixed.
Mrs. Erfurdt (such will be her designation herein) filed her motion in which she sought an increase of the support order for the two children. Her reason for seeking the increase was the alleged improved financial condition of Mr. Erfurdt.
The lower court, after hearing, modified the support order, directing Mr. Erfurdt to pay $60.00 per month for the support of the one minor son. Dissatisfied with the judgment, Mrs. Erfurdt pursues writ of error to this Court, asserting as solitary error that the trial court abused its discretion in the premises.
The evidence discloses that the older son, Jack, was twenty-one years of age and had just been graduated from the Colorado School of Mines. He was to assume employment after six weeks of military duty. The other son, a senior in high school, was seventeen years old at the time of the hearing and employed part time.
From her testimony, its appears that Mrs. Erfurdt earns a net take-home pay of $222.00 per month. She had $105.00 in debts payable at $20,000 per month and a $250.00 past due obligation. It appears, too, that she had $620.52 in recurring monthly expenses for necessaries.
The record discloses that Mr. Erfurdt has a net take-home pay of $490.16, after deductions for taxes, insurance, pension fund, and credit union payment of $131.82. His total indebtedness is $15,443.24, with $353.55 monthly payments thereon, including the $131.82 credit union payment, with $444.92 monthly cost of living expense, including the $100.00 support payment, all totaling $666.65 per month. Mr. Erfurdt testified that, in spite *234 of the fact that he held two jobs, he has fallen behind financially and has been forced to borrow money from the credit union in order to meet his obligations.
Matters of support are within the sound discretion of the trial court, and this Court will upset the exercise thereof only when it has been abused. The abuse must be manifest and the court’s decree operate in such a manner as to be burdensome and oppressive. Bell v. Bell, 150 Colo. 174, 371 P.2d 773; Traynor v. Traynor, 146 Colo. 70, 360 P.2d 431; Schrader v. Schrader, 156 Colo. 521, 400 P.2d 675.
That this Court might have decided the controversy differently if it had been exercising the discretion vested in the trial court is not the test. Our function is only to ascertain whether an abuse of discretion appears, and if we find no such abuse, our duty is to affirm. Schrader v. Schrader, supra.
Here, neither of the parties had sufficient income to meet their recurring obligations. However, it is apparent that Mrs. Erfurdt had lesser obligations, partly because the older son was no longer dependent upon her.
Mr. Erfurdt’s financial obligations are of such a nature that he had to borrow money in an effort to comply with the court order and meet his other obligations, although he received compensation from two jobs. We cannot say that the trial court abused its discretion when evaluating the situation thus confronting it.
The judgment is affirmed.