No. 20894.

MARILYN LEVY *v.* JULIAN S. LEVY.

(410 P.2d 629)

Decided January 31, 1966.     Rehearing denied February 21, 1966.

SALAZAR & DELANEY, CARL L. HARTHUN, for plaintiff in error.

LEO SANDERS MOSES, DICKERSON, MORRISSEY & DWYER, FRICKEY & MORRISSEY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to the plaintiff in error as Marilyn and to the defendant in error as Julian.

On January 29, 1962, a decree of divorce was entered in the district court in favor of Marilyn and incorporated therein was a property settlement agreement which had been worked out by the parties and their attorneys. The first agreement was signed on September 19, 1961, and seven days later the parties agreed to two addendums. Approximately six months after entry of the decree Marilyn obtained new counsel who filed a motion to set aside the property agreements on the ground that Julian had concealed his assets and held property conjointly with his mother, concerning which Marilyn was unaware. She alleged that transfers of property were

made to the mother and Julian jointly, without her knowledge and with intent to defraud her; and also that Julian had concealed one large bank account and another smaller account.

After two days of hearing and testimony from nine witnesses, compiled in 930 folios, the court denied Marilyn's petition. She is here by writ of error, asserting that the trial court abused its discretion in refusing to grant her the relief sought.

■■ Whether a property settlement agreement was entered into by the wife under circumstances that indicate that she has been overreached and that material facts concerning her husband's property have been deceitfully concealed from her, present questions of fact. In order for Marilyn to prevail here, she must show that the trial court abused its discretion and that the order denying her request to set aside the settlement is not supported by the evidence.

■ Marilyn did not prove the allegations in her motion. During the course of the hearing, at one time or another, she made admissions that she knew about all of the property and had, in fact, helped to manage most of it; and also that she knew of her mother-in-law's interest in it. As to the bank accounts, the record reflects that she made deposits in the various accounts and had drawn a check on one of the accounts just a month and a half prior to entering into the settlement agreement. Although the evidence was in conflict as to whether she knew of the balance in the large account, the record discloses that she was aware of it.

■ We have repeatedly held that under well-known and oft-repeated rules, the determination of the facts by the trial court based on competent evidence is binding on this court.

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.