No. 22172.

Luella Margaret Guy *v.* Jack Ross Guy.

(443 P.2d 369)

Decided July 15, 1968.

J. E. Kuttler, for plaintiff in error.

Epstein, Epstein & Lozow, for defendant in error.

*In Department.*

Opinion by Mr. Justice Hodges.

This writ of error challenges certain final orders pertaining to alimony and division of property entered by the trial court in divorce proceedings.

At the outset, we wish to note that although counsel for the plaintiff in error, Mrs. Guy, alluded to a number of alleged errors during his oral argument, the record before us and the brief submitted by the plaintiff in error fail to delineate such errors. In fact, the brief does not set up any clear portrayal of alleged error. Presumably, the general statement in the brief under the heading "Summary of Argument," that parties in a divorce action must be given a fair and equitable hearing, was intended to perform this function. It does not, nor do the ensuing arguments in the brief offer much enlightenment in specifying wherein the trial court committed alleged error.

Perhaps some of the difficulty results from the fact that present counsel did not represent Mrs. Guy until after the divorce proceedings were finalized in the trial court. Presumably, Mrs. Guy not being satisfied with the outcome and with counsel who had represented her from the commencement of the case, hired new counsel to seek reconsideration by the trial court. In any event, present counsel promptly filed a motion for rehearing which we will treat as a motion for new trial. Mrs. Guy therein petitioned for a rehearing of the order entered October 26, 1965 in connection with alimony and property settlement. We will look to this motion, the transcript of the hearing on October 26, 1965, and other related portions of the record for the purpose of ascertaining assignments of error reviewable on this writ of error.

As we view it, Mrs. Guy in substance claims that the evidence presented at the October 26, 1965 hearing does not support the resulting order which granted her $75 per month permanent alimony for a period of six months only; and further, that there was no adequate evidence before the trial court to sustain that part of its order which made itemized division of furniture, appliances and other incidental items. Specifically, this motion asserts that the court's order of October 26, 1965 was not based on the needs of Mrs. Guy and the ability of Mr. Guy to pay. Essentially, it therefore appears quite evident that Mrs. Guy is mainly attacking the alimony award as being inadequate under the evidence.

A brief resume of the facts, proceedings, and court orders entered prior to the order of October 26, 1965 is necessary for an understanding of conditions which existed when the court order under review was entered.

The parties were married in 1946. Two children resulted from this union. Mrs. Guy commenced divorce proceedings in August 1964, and thereafter the court awarded her temporary alimony and support for the children, both teen-aged boys. In December 1964, the trial court granted divorces to both parties. The orders for temporary alimony and support remained in effect until July 7, 1965 when the court after a hearing entered its order dividing property and awarding custody of the two teen-aged boys to Mr. Guy.

This order, among other things, gave the family residence to Mr. Guy, who in turn was required to pay Mrs. Guy $6,000 upon her conveying her interest in this property to him. This order also provided that the $6,000 payment would be in full settlement of any existing arrearages due Mrs. Guy for temporary alimony and support. The record as certified to us is silent as to the amount of such arrearages.

Other than a 1955 auto awarded to Mr. Guy and a 1960 auto awarded to Mrs. Guy, the only substantial asset of the parties was the residential property. There-

fore, to provide a means of raising the $6,000, the court ordered Mr. Guy to increase the existing loan on this property by this sum. Again, the record is silent as to whether these transactions were consummated; however, we note in Mrs. Guy's brief, a statement that she received the $6,000 and we therefore must presume that the provisions of the court order of July 7, 1965 were complied with. We note that the matters covered by this order, including the custody of the two teen-aged boys to Mr. Guy, were the result of an oral stipulation by counsel for both parties. The matter of permanent alimony was deferred by this court order to October 26, 1965.

Although the hearing on October 26, 1965 was originally set for the purpose of considering permanent alimony for Mrs. Guy, it is apparent from the transcript of this hearing that the parties were having disputes about who should have certain items of furniture, certain appliances, and other incidentals, and the court therefore also, after questioning each party on each item, divided these items in the resulting court order. The portion of the court order dealing with this phase of the property division, is fully sustainable by ample evidence, and is therefore, affirmed.

As to that portion of the order granting Mrs. Guy $75 per month for six months only, the record before us reflects that the trial judge in awarding this permanent alimony did not abuse his discretion. The trial judge being fully aware of the previous court orders and the fact that Mr. Guy had custody of the two teen-aged boys and the full responsibility for their support and maintenance, entered this order for permanent alimony on the basis of evidence which revealed a monthly take home pay by Mr. Guy of approximately $486 as a postal worker. Mr. Guy possessed no substantial assets other than the residential property, which had a stated value of $17,000 according to the affidavit submitted by him in connection with this hearing. This affidavit also

listed liabilities amounting to $13,730, including an encumbrance on the residential property. From the court's remarks directed to Mrs. Guy as the hearing was being concluded, it was evident that the court had made a determination that Mrs. Guy was capable of supporting herself.

■ Under all the circumstances as shown from this record, we cannot say as a matter of law that the portion of the court's order awarding Mrs. Guy permanent alimony of $75 per month for 6 months only is not supported by the evidence. This award was clearly premised on evidence which showed that Mr. Guy was the custodian and homemaker for the two teen-aged children of the parties, and that his income and resources were not sufficient to pay alimony over and above the amount provided in the court's order. The reason behind the order is sound under the evidence and circumstances of this case.

■ The matter of awarding permanent alimony is within the sound discretion of the trial judge, and if the award is supported by competent evidence, it will not ordinarily be disturbed on review. *Nunemacher v. Nunemacher,* 132 Colo. 300, 287 P.2d 662.

■ See also *Levy v. Levy,* 159 Colo. 162, 410 P.2d 629, wherein we reiterated the well-known rule of law that the determination of facts by a trial court when based on competent evidence is binding and will be affirmed on review.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE GROVES concur.