Opinion by
Mr. Justice Kelley.
The parties occupy the same relative positions here as in the trial court.
This controversy involves the question of whether *263 the plaintiff has a valid fifteen-year lease on premises owned by the defendant.
The litigation between the parties began by the defendant filing a forcible entry and detainer action based upon nonpayment of rent and other breaches of “the lease,” by plaintiff. That lawsuit was resolved by a stipulation dated March 1, 1965, which acknowledged the existence of “the lease,” but provided “that a second officer of the Matinee Corporation * * * will sign and execute this lease by 8 March 1965.”
Neither a second officer nor an attorney for the corporation executed the lease “by 8 March 1965,” nor at any time.
Subsequently, a mechanic’s lien was filed against the property as the result of interior remodeling contracted for by the plaintiff. The defendant demanded that plaintiff obtain the release of the liens and the payment of delinquent rent. In response to this demand an agent of the plaintiff corporation turned over the keys and surrendered possession of the premises to the defendant.
This lawsuit was brought by the plaintiff, alleging its right to possession of the property by virtue of the fifteen-year lease, and asking for a restraining order, a temporary injunction and a permanent injunction to restrain the defendant from interfering with Matinee’s quiet and peaceful enjoyment of the premises, as well as other relief. The court granted, ex parte, the temporary restraining order.
The defendant thereupon filed a motion to dismiss the temporary restraining order, which the court granted. The defendant then answered the complaint and the matter proceeded to trial upon plaintiff’s motion for a temporary injunction. Again, the court found against the plaintiff; that its possession was under a month to month tenancy, the terms of which had been breached; ordered plaintiff’s complaint dismissed; and all of defendant’s cross-claims were likewise dismissed. It was a final order on all aspects of the case.
*264 The motion for new trial was denied. Plaintiff, in the summary of argument of its brief, raises but one issue, which is, that the court erred in finding “that the plaintiff occupied the subject premises on a month to month tenancy.” The “plaintiff’s argument,” as stated in the brief, “is that a lease was executed by the parties, the lease was subsequently adjudicated valid and existing, that the Court Order is res adjudicata; the alleged breaches did not work a forfeiture of the lease; and therefore, the Court’s findings and conclusions that there was no lease was error.”
The judgment of the trial court “finds and concludes that the plaintiff occupied the premises described in the complaint on a month-to-month tenancy.” This finding is amply supported by the record. Although the stipulation of March 1, 1965, refers to “this lease,” no such document was identified, offered or admitted as evidence in the trial of this case. The only purported copy of the lease is found in the clerk’s file, attached to one of the defendant’s pleadings. The plaintiff made no attempt to have the copy received in evidence, nor was there any assertion by the corporation that it had authorized anyone to execute such a lease on its behalf. The trial court came to the only logical conclusion it could under the circumstances before it.
Plaintiff’s assertion that it was entitled to the quiet and peaceful enjoyment of the premises was bottomed on the proposition that a valid written lease, dated April 15, 1964, was in existence. The trial court having found that no such lease existed, we have no alternative but to affirm its judgment. Levy v. Levy, 159 Colo. 162, 410 P.2d 629.
The judgment is affirmed. A petition for rehearing, if any, shall be filed within seven days from the date hereof.
Mr. Chief Justice Moore, Mr. Justice McWilliams and Mr. Justice Hodges concur.