No. 23984.

CALVIN E. GRAVES v. PEGGY B. GRAVES.

(464 P.2d 291)

Decided January 26, 1970.

JOHN J. GIBBONS, BRUCE OWNBEY, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

AFTER trial to the court, both husband and wife were granted a divorce. They were married in 1946 and had three children. Several months after the divorce decrees, the trial court conducted a hearing to determine child custody, child support, and division of property. Permanent orders were entered after this hearing and it is from these orders and judgment that the husband now prosecutes this writ of error.

The trial court awarded custody of the children to the wife and ordered the husband to pay $150 per month for their support. No alimony was awarded to the wife. The trial court also decreed a division of property, the value of which was in excess of $35,000.

The husband claims the trial court erred in the following particulars:

(1) The award of $150 per month for child support exceeded the "husband's modest ability to pay." Also, in making this award, it is claimed that the trial court overlooked the fact that the eldest child, a girl, was 18 years of age, was employed, and was self-sustaining.

(2) The property division was not equitable. In this regard, the only portion of the property division which the husband challenges is the award of a Stinson airplane to the wife. The husband states that "in order for equity to be served," he should have received the airplane.

The defendant in error, the wife, made no appearance before this court, and therefore, we have no brief in opposition to these alleged error.

■ After reviewing this record and the transcript of all the testimony and evidence before the trial court, we conclude that the record clearly supports the trial court's order on child support and property division, and that no abuse of the trial court's discretion has, in any manner, been demonstrated. We therefore affirm the judgment.

■ We have ruled in many divorce cases involving child support, alimony and property division, that these matters are within the sound discretion of the trial judge, and that if the trial judge's orders and judgment are supported by competent evidence, they will not be disturbed on review. *Guy v. Guy*, 166 Colo. 265, 443 P.2d 369; *Levy v. Levy*, 159 Colo. 162, 410 P.2d 629; *Brigham v. Brigham*, 141 Colo. 41, 346 P.2d 302; *Nunemacher v. Nunemacher*, 132 Colo. 300, 287 P.2d 662.

■ The $150 per month award to the wife for child support is not unreasonably high nor does it involve an

excessive burden on the husband under the facts and circumstances of this case. The husband is a self-employed automobile mechanic. In dividing the property, the court awarded to the husband Denver real estate upon which was a residence and a mechanic's shop from which he worked. This property, like the Deertrail acreage and residence which was awarded to the wife, was free and clear of encumbrances. The Denver property was substantially more valuable than the Deertrail property. Although the evidence on the part of the husband was indicative of a low monthly income, the trial court found that as a self-employed automobile mechanic and working from a garage owned by him, he was fully able to earn sufficient money to pay $150 per month for the support of his children. The trial court further found from the evidence that the wife required at least $150 per month from the husband to support and maintain the minor children.

These findings are clearly premised on all the evidence, including the testimony of both the husband and wife, that the eldest child was 18 years of age and was employed. Although the trial court's order did not specify that the support award applied only to the two remaining minor children, it is clear that the trial court obviously intended this application.

█ With reference to the portion of the property division order awarding the airplane to the wife, we can find no validity for the husband's contention that equity in this regard would best be served if he were awarded the airplane. Involved is a small plane over 10 years old and non-flyable in its presently damaged condition. The court's order valued it at $1300, which valuation is supported by the evidence. It was awarded to the wife to equalize the property division between the parties. In our view, the court's entire order on property division was fair and equitable.

Judgment affirmed.