No. 24504.

STANLEY L. SALL *v.* EVALYN A. SALL, NOW KNOWN AS
EVALYN A. CAMPBELL.
(480 P.2d 576)

Decided February 1, 1971.

WENDELL R. GOODBEE, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

HERE reversal is sought of the trial court's orders denying a father's motion to change the custody of his son from the mother to himself and denying the father's motion to decrease payments of support money for the son. The mother has not made an appearance here. We affirm.

The son was born in 1950. The parties lived in the Colorado Springs area. They were divorced in 1962. Under stipulation, custody of the son was awarded to the mother and the father was ordered to pay $110 per month for support of the boy. The family home was awarded to the mother which she sold, using a portion of the proceeds for living and other expenses while she attended the University of Colorado. After graduation, she and the lad moved to California. In 1965, the son expressed a desire to live with his father, who was still

living in Colorado Springs, and this the mother permitted. For the ensuing three and one half years the son lived with the father, and the father paid no support money to the mother. In December 1968, the young man left his father and rejoined his mother in California.

In August 1969, the mother filed a motion to increase the support payments in order to defray college expenses of the son. The father had not resumed the payments following the return of the son to his mother's home. The father countered with his motions for custody and to decrease the support payments. Both the father and mother testified at the hearing. The son was not present. The court denied all motions, leaving in effect the custody award to the mother and support award of $110 per month.

I.

The father testified that he was a building contractor, who, at the time of the hearing and for months preceding it, had no contracts. He testified that he had been expending $932 a month for the support of himself, his present wife and their child; and also, that the money had been coming from assets which he had sold from time to time. The testimony revealed that he had transferred different properties to his present wife, receiving considerations which were less than the value of the properties transferred or the equities therein. Among the properties transferred was the father's cabinet shop. He and his present wife had recently taken a trip to Spain, but he testified that the wife had paid all the expenses. Their home was purchased by the wife. He was trustee of a fund held for the benefit of the son of the parties, but he refused to use this for support of the son because the mutual fund involved had become depressed in value and he did not think the son was mature enough to go to college. According to the father, the son should first spend time in the Navy. The father had other property.

■■ The cases are legion in which this court has held that orders of the trial court with respect to sup-

port money will not be disturbed on review unless an abuse of discretion is shown. *See Graves v. Graves,* 171 Colo. 20, 464 P.2d 291 (1970); *Lilly v. Erfurdt,* 157 Colo. 232, 402 P.2d 77 (1965); and *Engleman v. Engleman,* 145 Colo. 299, 358 P.2d 864 (1961). The trial court did not abuse its discretion.

## II.

A rule of the district court requires that a person moving for support money or modification of a support money order should file a sworn statement of all income, expenses, assets and liabilities. While the mother filed a sworn statement with her motion, it did not reveal all the things required by the local rule. At the hearing the court overruled the father's objection based upon this rule. The father's counsel cross-examined the mother thoroughly as to her assets, income, expenses, and other pertinent matters. We doubt that any failure of the trial court to compel compliance with its own rule would ever constitute reversible error. In any event, there was no reversible error here.

## III.

The father claims that the court erred in considering an affidavit of the son in which he stated that he desired and intended to remain with his mother. During the hearing counsel for the father stated: "I think I objected to it after being introduced. The Court specifically overruled that objection." The court then stated, "I let the affidavit be filed, not introduced into evidence." Our study of the record shows that the affidavit was not admitted into evidence, and it is apparent from the court's statement that it did not consider the affidavit. The testimony of the mother, to which there was no objection, was much more extensive as to the desires of the son. The evidence was without conflict that the young man desired to stay with his mother.

## IV.

The father argues that the court should have awarded the custody of the son to him. As is the case

with respect to support money orders, we do not reverse custodial orders unless there has been an abuse of discretion. *Engleman v. Engleman, supra;* and *Coulter v. Coulter,* 141 Colo. 237, 347 P.2d 492 (1959). There was no abuse of discretion with respect to custody.

The hearing on custody and support was held on August 28, 1969, and the court entered its order relative to these matters on September 10. On September 4 the father filed a motion for the presentation of newly discovered evidence, which motion did not allude to the character of the evidence. The court set October 20, 1969, as the date for the presentation of newly discovered evidence. On that date the father's motion for new trial, filed on September 18, also was heard. One of the grounds for new trial was newly discovered evidence. At the October 20 hearing the "newly discovered evidence" consisted of the following testimony by the father:

At 3:00 a.m. on August 29, 1969, the father flew to Los Angeles and there rented a car. At about 7:15 a.m. he called at the mother's home and talked to the son. He found the son a "completely hippie type," with hair down to his shoulders. The son looked ill and was thin, and "he was alternately laughing and crying, carrying on." He refused to go for a ride with the father. The father was highly suspicious that he was "on dope." The father flew back that same morning and was in Colorado Springs by 11:00 a.m.

The father made no contacts in California. When asked what steps he had taken with regard to the problem, he answered as follows:

"Well, we've talked to the District Attorney's office regarding some of her testimony in the last trial, and we have also contacted Gene Stokes, of the Police Department here in Colorado Springs."

After hearing this testimony, the court denied both the motion for presentation of newly discovered evidence, and the motion for a new trial. In its order the court made the following statements:

"[P]laintiff's newly discovered evidence is as to what manner of life the plaintiff's son Larry is now leading. Plaintiff knew of the hearing, but made no effort to get any such information or have the boy here for the hearing, but now says that this is new evidence. This evidence was available to the plaintiff prior to the time of trial, and could have been heard at the time of trial, and the Court finds that this is not new evidence in the meaning of the term, for grounds for a new hearing."

 The father argues that the court should have considered this evidence before rendering its September 10 order. In the situation present in this case, it made little difference whether the court granted or denied the motion to present newly discovered evidence. The material point is that the court correctly denied the motion for new trial under R.C.P. Colo. 59 (a) (4) which gives as a ground for a new trial the following: "Newly discovered evidence, material for the party making the application *which he could not, with reasonable diligence, have discovered and produced at the trial.*" [Emphasis added.]

Judgment affirmed.