No. 15,809.

SHAPIRO *v.* SHAPIRO.

(176 P. [2d] 363)

Decided December 2, 1946. Rehearing denied January 6, 1947.

506

Mr. Isaac Mellman, for plaintiff in error.

Mr. William H. Scofield, for defendant in error.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

Plaintiff Mary E. Shapiro brought action against Max S. Shapiro for divorce, an equitable division of the real and personal assets of the defendant, and an order for permanent alimony for the support of plaintiff and her child. Decree of divorce was entered in her favor, and on final hearing she was awarded as her sole and separate property certain real estate, which had been purchased by defendant with his individual funds, and which had been occupied as a residence by the parties prior to their separation and divorce, together with household goods, a fur coat, and alimony and support money. Review of the judgment is here sought by defendant husband who urges the following as error of the trial court:

First, as to the award to plaintiff both of a division of the property and alimony, when, it is asserted, our statute (section 8, chapter 56, 1935 C. S.A.)

permits the court to grant either alimony or decree a division of property, but not both.

Our statutes since territorial days have authorized the court in a divorce proceeding to award reasonable and just alimony. In 1893 the Legislature, following the provision that the court might provide for such alimony as might be reasonable and just, added the phrase, "or may decree a division of the property," which phrase has been continued in subsequent legislation on that subject. There is nothing to indicate that there was any legislative intent thereby to restrict the court or give it authority only in the alternative. It appears rather to indicate an intent specifically to grant full authority in the court to make just provision for the wife and children and that the conjunction "or" should be considered synonymous with "and," as is not infrequently the case. *Thomas v. Grand Junction*, 13 Colo. App. 80, 56 Pac. 665; *Henrie v. Greenlees*, 71 Colo. 528, 208 Pac. 468. In any event, the division of property here made was not in the nature of a further award of alimony or support money for the minor child, in addition to the monthly payments otherwise ordered, as condemned under the pertinent Illinois statute in *Bissett v. Bissett*, 375 Ill. 551, 31 N. E. (2d) 955, and under the Wisconsin statute in *Von Trott v. Von Trott*, 118 Wis. 29, 94 N. W. 798; rather it is an equitable division of property based upon the fact, as found by the trial court, that the wife during the marriage, in addition to the usual household duties, had performed services which contributed to defendant's business advantage. Such property division may be made even where the wife is not entitled to alimony. And it is not a necessary prerequisite that the wife show that she has contributed by funds or efforts to the acquiring of the specific property awarded to her, as further urged by plaintiff in error here. *Henderson v. Henderson*, 104 Colo. 325, 90 P. (2d) 968; *Heath v. Heath*, 103 Fla. 1071, 138 So. 796. Where by her services beyond the usual duties of a wife as a homemaker she has contributed

either funds or services which enabled the husband to increase his property holdings or to preserve those already held, the wife is entitled, upon divorce, to an equitable award of money or property dependent upon the extent of her contribution and the respective financial condition of the parties, their conduct, probable future earnings and other pertinent circumstances. 27 C. J. S. 1126. If the husband has little property, compensation to the wife necessarily must be small; if he is possessed of a considerable estate, and she without any, she should be generously compensated. The evidence of plaintiff in this case showed that she was a graduate nurse; that among other extraordinary services she at times took professional employment in order to procure adequate clothing for herself because of her arguments with defendant about money; that she helped defendant in the operation of his drugstore and at times took complete charge of the store; that for some time she had the care of his younger brother; that she cared for defendant's mother when she was ill; that after the mother's death they took defendant's father to their home and she nursed him in his illness and attended to his diet and medication. Plaintiff was awarded the care of their minor son and the obligation thereby imposed will necessarily limit her professional employment and was properly to be considered in determining the amount of the award. The fact that much of defendant's property had come by inheritance, as urged by counsel, was but one of many facts to be considered by the court. Defendant's wealth was more than three times the value of this property and plaintiff had none other. Neither in the fact of award, nor in its amount, do we find error or abuse of discretion.

 Second, as to ordering delivery of a fur coat to plaintiff when it is asserted the coat had belonged to defendant's mother and was the property of himself and his brother as heirs of her estate. There was no administration of the mother's estate; there was no testimony

as to the value of the coat; it was in the possession of the parties hereto; the wife had been permitted to wear it; the brother is not here making complaint and the maxim de minimis non curat lex might well apply.

Third, as to the court's finding that defendant transferred his property to his brother with fraudulent intent, and its further finding that it was reasonable to presume the defendant would not deal fairly, frankly and openly with plaintiff and their minor child. Both these findings are fully justified by the evidence and were facts properly to be considered by the court in making division of the property.

Fourth, in the finding by the court as to the amount of defendant's estate at the time of the marriage. The evidence is confusing and indefinite, the finding is not a necessary prerequisite to the decree of which complaint is made, and no error appears. Division of property must be based on the situation of the parties at the time of the decree rather than that at the time of their marriage.

Further error is predicated on placing a lien on defendant's property to secure alimony payments, but that has now become moot by virtue of the giving of bond for its release.

Defendant in error has filed petition herein for an allowance of costs and for attorney fee made necessary in connection with writ of error here considered, and she is hereby awarded the sum of $350.00 as attorney fee, together with $5.00 costs paid in her behalf.

The judgment is affirmed with instructions to enter further judgment for attorney fee and costs as hereinabove awarded.