No. 19,061.

JOYCE D. SONGSTER *v*. CHARLES E. SONGSTER.
(374 P. [2d] 197)

Decided August 27, 1962.

Messrs. SALAZAR and DELANEY, for plaintiff in error.

Mr. FRANK A. CIANCIO, JR., for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

THIS writ of error involves the propriety of an order of the trial court granting custody of a two-year-old child of the parties to the father in divorce proceedings. Two boys of Mrs. Songster by a previous marriage, aged

seven and five years, adopted by Mr. Songster, were awarded to the mother.

It appears from the record that a deepening rift had developed between the parties, culminating in Mrs. Songster leaving the home in Thornton, Colorado, with the three children, and going to the home of her parents in North Platte, Nebraska. When she left with the three children, she informed Mr. Songster by a note that she was leaving "to think everything out." She did not state where she was going.

Later he learned that she had gone to North Platte, and he visited her there in an effort to effect a reconciliation. Failing in this, he obtained possession of their two-year-old son through a ruse, and brought him to Colorado.

He then filed suit for divorce, and together with the complaint filed a motion for temporary custody of the two-year-old son of the parties. The trial court granted temporary custody of the two-year-old boy to the father, and of the two other boys to the mother. In further hearings, these temporary custodial orders were continued in effect.

A hearing on the complaint in divorce and her counterclaim for divorce was held, and at the conclusion thereof each party was granted a divorce. Later the court, on this same evidence, having previously advised the parties that he would enter custodial orders on a certain date, again awarded the two-year-old son to the father and the other two boys to the mother.

Without detailing the evidence, it is sufficient to say that the record is almost completely devoid of evidence reflecting adversely upon the character and fitness of the mother. There is considerable evidence which does cast some doubt upon the fitness of the father to have custody of the children. The mother advised the court that she would move into the home of the parties, if it were awarded to her, and would raise the three boys in Thornton. Since Mr. Songster has a small income, it

468

becomes obvious that the maintenance of the two families by him is well-nigh impossible and that Mrs. Songster would have to continue working.

■ All custodial orders entered by the trial court are notable for their silence on the question of the character and fitness of either parent to have custody and control of the children. Since there is nothing in the statute on divorce providing otherwise, the trial court should have made findings of fact. C.R.S. '53, 46-1-2, 1960 Perm. Cum. Supp.; Rule 52 (a) R.C.P. Colo.; *Mowry v. Jackson,* 140 Colo. 197, 343 P. (2d) 833. Lacking such findings, this court is without compass to ascertain whether the trial court acted properly in the premises.

■ Courts are concerned with the welfare of children in awarding custody to divorced parents. Division of the children between the parents is not generally proper unless the paramount interest of the children requires it. *Arons v. Arons,* (Fla.) 94 So. (2d) 849; *Howard v. Howard,* 307 Ky. 452, 211 S.W. (2d) 412; *Commonwealth ex rel. v. Johnson,* 195 Pa. Super. 262, 171 A. (2d) 627.

In its concern for children, particularly those of tender years, this court has enunciated guides for trial courts in the disposition of controversies regarding their custody. *Averch v. Averch,* 104 Colo. 365, 90 P. (2d) 962; *Hayes v. Hayes,* 134 Colo. 315, 303 P. (2d) 238; *Ross v. Ross,* 89 Colo. 536, 5 P. (2d) 246, 78 A.L.R. 313.

The judgment is reversed with directions that findings of fact be made in accordance with the views herein expressed.

MR. CHIEF JUSTICE DAY, MR. JUSTICE SUTTON and MR. JUSTICE HALL not participating.