489 P.2d 1062 (1971)
Venda THOMPSON, Plaintiff in Error,
v.
David H. THOMPSON, Defendant in Error.
No. 71-241, (Supreme Court No. 24399.)
Colorado Court of Appeals, Div. I.
August 31, 1971.
Rehearing Denied September 21, 1971.
*1063 Robert A. Lehman, Denver, for plaintiff in error.
John B. Kalbin, Denver, for defendant in error.
Selected for Official Publication.
PIERCE, Judge.
This case was transferred from the Supreme Court pursuant to statute.
The appeal involves a dispute regarding the trial court's division of property following a divorce decree. The parties, appearing here by their trial court designations, will be referred to as husband and wife.
The parties had been married for over 23 years and had raised two daughters who were emancipated at the time of the divorce decree. The husband's income, derived from his occupation as a mechanic, averaged from $6,000 to $7,000 per year through most of the term of the marriage. Prior to and during the marriage, the wife, a beauty operator, owned real estate on which were located her beauty shop and some apartments where the family resided for most of the duration of the marriage. Due to the intricacies of depreciation and other variables concerning her several investments, it is difficult to determine the wife's actual income from the record. It is clear, however, that she made several prudent investments during the marriage and acquired, either jointly or in her sole name, numerous securities and an additional apartment house valued at $220,000. The parties kept individual bank accounts and each controlled his or her own funds.
After crediting the wife for all capital she had invested in the apartment house purchased after their marriage, the trial court, upon adequate evidence, determined that the parties had accumulated equities *1064 in joint and individual investments in excess of $63,000 during the marriage relationship. The husband was awarded approximately one-third of this sum and he was allowed to retain his personal effects, tools, and motor vehicle. The balance of the individual and joint property was awarded to the wife, subject to her executing a note payable over a ten-year period to the husband for his one-third interest in the equity accumulated during the marriage. The wife was also awarded her attorney's fees and nominal alimony.
The wife first contends that the court had no jurisdiction to divide any holdings of the parties other than the jointly owned property. C.R.S. 1963, 46-1-5(2), however, gives the court authority to divide all property acquired by parties during a marriage, based on the situation of the parties at the time of the decree. Therefore, the trial court had clear jurisdiction over the subject matter. Stephenson v. Stephenson, 134 Colo. 96, 299 P.2d 1095; Menor v. Menor, 154 Colo. 475, 391 P.2d 473.
The main thrust of the wife's argument, however, is that none of the equity acquired during the marriage should be awarded to the husband since he made no capital contributions to the increase. We disagree. The record indicates that the husband paid for most of the groceries, children's clothing, and medical bills during the term of the marriage. He also paid for almost all of the girls' parochial high schol tuition, provided them with automobiles, insurance on same, and paid part of a note to cover the college education of one child. In addition to these expenditures, evidence further shows that for about two years the husband lived in, managed, and performed the maintenance work on an apartment house purchased during the marriage, without compensation. He also paid for some maintenance materials without full reimbursement.
We hold that it was proper for the trial court to consider contributions of parties to the increase in or accumulation of assets by means other than direct contribution of capital. See Shapiro v. Shapiro, 115 Colo. 505, 176 P.2d 363. Obviously, the husband's expenditures and labor enabled the wife to invest a considerable percentage of her income and should be considered as contributions to the increase in their joint, and her several, property.
We do not find it objectionable that an exact dollar amount of the husband's contribution cannot be determined from the testimony as it is not a prerequisite to a fair and equitable division of property that such distribution be made in exact proportion to contribution of funds. See Schrader v. Schrader, 156 Colo. 521, 400 P.2d 675.
The wife argues that, where the husband has a common-law and statutory duty to support his family under C.R.S. 1963, 43-1-1, and Poole v. People, 24 Colo. 510, 52 P. 1025, the principles regarding contribution and property division as set forth in Shapiro and Schrader, supra, are not available to the husband. We do not agree.
Modern legal theory and statute have placed women on an equal footing with men regarding their rights to hold and manage property. C.R.S. 1963, 90-2-3; White v. Bower, 56 Colo. 575, 136 P. 1053. Accordingly, they may sue and be sued in their own names, C.R.C.P. 17(b), and have been afforded an ever increasing parity in employment, civil rights, and other legal relationships, not requiring further citation here. We find no statutory or common-law authority which would require the application of a different set of standards to the treatment of a husband's non-capital contributions to assets acquired during marriage than would be applied to a wife's contribution.
It has long been the rule in Colorado that matters of alimony and property settlement are within the sound discretion of the trial court and will not ordinarily be disturbed on review when supported by competent evidence. Nunemacher v. Nunemacher, *1065 132 Colo. 300, 287 P.2d 662; Hyde v. Hyde, 169 Colo. 403, 457 P.2d 393.
From the facts before us, we do not find that the trial court abused its discretion.
Judgment affirmed.
SILVERSTEIN, C. J., and DUFFORD, J., concur.