532 P.2d 386 (1974)
In re the MARRIAGE OF Judith H. KILLGORE, Petitioner-Appellee, and
Cyrus H. Killgore, Respondent-Appellant.
No. 74-099.
Colorado Court of Appeals, Div. I.
December 17, 1974.
Rehearing Denied January 7, 1975.
*387 Mellman, Mellman & Thorn, P.C., Gerald N. Mellman, Denver, for petitioner-appellee.
Mason, Reuler & Peek, P.C., William M. Peek, H. F. Riebesell, Jr., Denver, for respondent-appellant.
Not Selected for Official Publication.
COYTE, Judge.
Respondent husband appeals the property division made by the trial court in the dissolution of his marriage to petitioner. We affirm.
The parties were married in June 1969 and separated in March 1973. The husband brought into the marriage approximately $40,000 in stocks and lesser amounts of other property; the wife at this time owned a Plymouth automobile and about $2,500 worth of other property. The husband received annual gifts of $3,000 from his grandmother. During the marriage, the couple lived in New York and Colorado and each held various jobs with approximately the same salary. They lived well and made several expensive trips which were financed with wife's earnings. The wife contributed substantial amounts of money to the marriage. They purchased a home in Denver, the title of which was put in joint tenancy. This home and a 1970 Volvo automobile were the primary assets divided by the court when the marriage of the parties was dissolved.
There was extensive evidence introduced during the trial on the finances of the parties. The court found at the conclusion of the trial that there had been a commingling of funds during the marriage. As a result some property, which would otherwise have been individual property under 1971 Perm.Supp., C.R.S. 1963, 46-1-13, became "marital property." One half of the equity in the home was awarded to each party and the husband was ordered to pay the wife $1,000 as her equity in the Volvo automobile.
The husband contends on appeal that, since the down payment on the house came from his individual funds, this amount should have been subtracted and awarded to the husband before the balance of their equity was divided equally. He also claims that the Volvo was purchased with money given to him by his grandmother and, thus, should be awarded to him as his separate property. The evidence on this point is disputed. The money used to purchase the Volvo came out of the joint account approximately five months after the deposit *388 of the money from the grandmother. The gift was less than the total purchase price of the automobile.
The applicable statute, 1971 Perm. Supp., C.R.S. 1963, 46-1-13(1) (a), directs the court to set aside to each spouse his property and divide the marital property "in such proportions as the court deems just . . .." In this division, there is a presumption that all property acquired by either spouse subsequent to the marriage is marital property, unless it is shown that the specific property in question was acquired by certain methods, including by gift. 1971 Perm.Supp., C.R.S. 1963, 46-1-13(3). The contribution of each spouse to the acquisition of property is one of the factors to be considered in the division thereof.
In a divorce action the court may award property to the wife where the specific property was purchased in part with the husband's individual funds. Santilli v. Santilli, 169 Colo. 49, 453 P.2d 606. This principle is unchanged by the dissolution of marriage statute. In re Questions Submitted by United States District Court, Colo., 517 P.2d 1331, provides:
"While in Colorado the guidelines as to division of property in dissolution of marriage proceedings may have become somewhat changed with the passage of successive statutes, it has always been the law hereand still isthat in the dissolution proceeding a wife may be entitled to a division of the husband's property."
This is consistent with the Colorado rule that when one spouse causes title to be placed jointly with the other spouse, a gift is presumed and the burden of proof to show otherwise is upon the donor. See Botkin v. Pyle, 91 Colo. 221, 14 P.2d 187.
The husband owned property before the marriage and acquired other property during the marriage. Money realized from this property went through numerous transactions between accounts which both parties maintained separately and together. The husband testified that the title to the house was placed in joint tenancy so that the wife would own it if the husband predeceased her. The trial court considered all of these factors when it determined what was marital property and how to divide it.
In making a division of property, the court is not bound by the manner in which title is held, 1971 Perm.Supp., C.R.S. 1963, 46-1-13(3), but here the trial court found that it was the intent of the parties to own the house jointly. A division of marital property need not be proportionate to the financial contribution of each spouse. Thompson v. Thompson, 30 Colo.App. 57, 489 P.2d 1062.
Here, there is evidence to support the findings of the trial court and no abuse of discretion is present. Hence, the ruling of the trial court may not be disturbed. Carlson v. Carlson, Colo., 497 P.2d 1006; Nunemacher v. Nunemacher, 132 Colo. 300, 287 P.2d 662.
Judgment affirmed.
BERMAN and KELLY, JJ., concur.