534 P.2d 809 (1975)
In re the Marriage of Mary Ann DAVIS, Petitioner-Appellee,
and
Donald L. DAVIS, Respondent-Appellant.
No. 74-262.
Colorado Court of Appeals, Div. III.
April 1, 1975.
*810 Bradley, Campbell & Carney, William J. Campbell, Golden, for petitioner-appellee.
William Pehr, Perry W. Fox, Westminster, for respondent-appellant.
Selected for Official Publication.
RULAND, Judge.
In an action for dissolution of marriage initiated by Mary Ann Davis (Wife), Donald L. Davis (Husband) appeals from amended permanent orders relative to child support, maintenance, division of property, and attorney fees. We affirm.
After 19 years the marriage of the parties was dissolved on December 7, 1973. Three children were born as issue of the marriage, and during the course of the proceedings on permanent orders, the parties stipulated that Husband would have custody of their 16-year-old son and Wife would have custody of the two daughters, aged 12 and 11.
Following hearings held on three separate occasions, the trial court entered permanent orders. Subsequent thereto Husband employed new counsel. His motion for a new trial was granted, and after presentation of evidence, the court reinstated its original orders. Thereafter the court, on its own motion, amended the original orders on the basis that indebtedness against certain of the motor vehicles owned by the parties had not been properly considered, thereby giving Wife an inequitable share of the assets.
By its original order, the court awarded the parties' residence to Wife, directing Wife to pay the first mortgage and Husband the second mortgage on the residence. With the exception of the parties' camp trailer and automobile insurance proceeds of $1,150, the remaining vehicles were awarded to Husband. In addition, the court ordered that: (1) Wife receive the furniture and fixtures in the parties' residence; (2) each party receive other items of personal property either as designated by the court, by agreement of the parties, or decision of a third party; (3) Husband receive most of the parties' jointly owned stock and his stock in his business; (4)
*811 Husband pay all of the parties' debts, except a reserve bank account of $351 and payments on the camp trailer; (5) Husband pay a portion of Wife's attorney fees in the amount of $800; (6) Husband pay $300 per month support for the two children in Wife's custody; (7) Husband pay $1 per year in maintenance.
The court amended the original order to the extent that it directed the immediate sale of four of the parties' motor vehicles with the proceeds to be divided equally between the parties. The residence was ordered held by the parties as tenants in common and sold when all of the children reached majority or had been emancipated, Wife remarried, or the court determined it to be in the best interest of the children that the house be sold. Upon sale thereof, Wife is to receive credits for all payments of principal after the effective date of the original order, and the remaining proceeds are to be divided equally. Additional time was also granted to Husband to pay Wife's attorney fees.
In summary, the record amply reflects that the trial court devoted substantial time, effort, and diligence to resolving the issues in this case.

I. Division of Property, Child Support, and Attorney Fees
The trial court's orders relative to division of property, child support, maintenance, and attorney fees are interrelated in most cases and generally must be reviewed together. See Carlson v. Carlson, 178 Colo. 283, 497 P.2d 1006; Krall v. Krall, 31 Colo.App. 538, 504 P.2d 681. In the present case, maintenance awarded was nominal and that issue is treated separately.
On this appeal, Husband first contends that the trial court abused its discretion in awarding a disproportionate amount of the marital assets to Wife and ordering Husband to assume a disproportionate amount of the parties' liabilities. Husband also contends that the award of child support was excessive. Finally, Husband asserts that the trial court's findings were insufficient to meet the requirements of C.R.C.P. 52 on these issues. We disagree.
Division of property and the award of child support are subjects peculiarly within the discretion of the trial court, and its decision relative thereto will not be disturbed upon review except for clear abuse of that discretion. Liggett v. Liggett, 152 Colo. 110, 380 P.2d 673; Ferguson v. Ferguson, 32 Colo.App. 145, 507 P.2d 1110. Here, the court's findings relative to division of property reflect consideration of (a) the contributions of each spouse, (b) value of the property set apart to each spouse, and (c) the economic circumstances of each spouse. See § 14-10-113(1), C.R. S.1973 (1971 Perm.Supp., C.R.S.1963, 46-1-13(1)).
Although the trial court did not place a dollar value on the contributions of each party to the acquisition of the marital estate, contrary to Husband's contention here such specific findings are not a prerequisite to the validity of property division orders. See Thompson v. Thompson, 30 Colo.App. 57, 489 P.2d 1062. In addition, as regards a personal injury award received by Wife and used to make home improvements, to purchase an automobile and stocks, and to invest in Husband's business, we find no error in the determination that such award should be treated as a contribution toward acquisition of the marital estate. See Shapiro v. Shapiro, 115 Colo. 505, 176 P.2d 363. Even assuming the assets awarded to Wife exceeded those awarded Husband when consideration is given to the indebtedness Husband is obligated to pay, equitable division of property does not necessarily require an equal division. See Thompson v. Thompson, supra. Finally, while the trial court did not place a value on each of the assets subject to division, the court found and Husband concedes, in effect, that the two major assets in gross value were the family residence and the automobiles. The trial court made a specific finding as to the value of the residence and accepted Husband's estimate as to the value of the *812 automobiles and divided the equity in these assets equally between the parties. Taking any estimate of value presented to the trial court by the parties for the remaining assets, we cannot say that the division of property was inequitable under the circumstances of this case. Hence, we conclude that the court's findings are sufficient and that the division of property ordered by the court was within the ambit of its discretion.
In support of its order awarding child support, the court made findings relative to Wife's income and expenses, and based thereon specifically found a need for child support in the amount awarded. These findings are sufficient to comply with the requirements of C.R.C.P. 52(a), and contrary to Husband's contention here, it is not necessary to make specific findings relative to Husband's income and expenses where, as here, the basis upon which the trial court reached its decision is evident to the reviewing court. See Lininger v. Lininger, 138 Colo. 338, 333 P.2d 625; Twin Lakes Reservoir & Canal Co. v. Bond, 156 Colo. 433, 399 P.2d 793.
Relative to Husband's contention that the child support award is excessive, by § 14-10-115, C.R.S.1973, the trial court is required to consider, inter alia, the financial resources of both the custodial and noncustodial parent. Here, the record reflects not only that Wife's expenses exceeded her monthly income by at least the child support awarded to her, but Husband's monthly income after deducting the child support still exceeded Wife's by approximately $100. Further, Husband was supporting one child whereas Wife was supporting two. Admittedly, Husband was made responsible for a larger portion of the parties' debts, but these are substantially reduced by the court's amended order requiring the sale of the motor vehicles. Hence, there was sufficient evidence not only to enable the trial court to consider the relevant statutory factors but also to support its resolution of these issues, and we find no abuse of discretion.
Husband also contends that the trial court erred in ordering him to pay Wife attorney fees in the amount of $800. After deducting prior payments, Wife had incurred attorney fees of $1,340 as of the date the new trial was completed. Husband's attorney stipulated to the reasonableness of these fees. Based upon the financial circumstances of each of the parties, we find no abuse of discretion in the court's order on this issue and therefore will not disturb the award. Krall v. Krall, supra.

II. Maintenance
Husband contends that the trial court erred in awarding Wife maintenance in the nominal amount of $1 per year as violative of § 14-10-114, C.R.S.1973. Again we disagree.
Section 14-10-114(1), C.R.S.1973, sets forth the requisite findings before a trial court may award maintenance. Insofar as pertinent here it must find that the spouse seeking maintenance:
"(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and
(b) Is unable to support himself through appropriate employment . . . ."
Husband contends that since Wife is presently employed at a wage which he asserts is sufficient to support her, an award of maintenance in any amount was improper.
Although Wife was employed, there was considerable testimony relative to an ankle disability which caused her some discomfort in her present employment. Based on conflicting testimony, the trial court found as supportive of its award of maintenance that Wife's present and future employment status was unstable. This finding was supported by the evidence and may not be disturbed on review. Nunemacher v. Nunemacher, 132 Colo. 300, 287 P.2d 662.
We hold that where, as here, the court determines that a spouse may not be able to support herself on a permanent basis *813 due to the effects of an existing injury, reservation of the issue of maintenance for subsequent determination or award of nominal maintenance subject to subsequent review is permissible pursuant to § 14-10-114, C.R.S.1973.
Judgment affirmed.
SMITH and BERMAN, JJ., concur.