538 P.2d 493 (1975)
Doris L. HIGBY, Plaintiff-Appellee,
v.
Louis R. HIGBY, Jr., Defendant-Appellant.
No. 74-162.
Colorado Court of Appeals, Div. I.
April 29, 1975.
Rehearing Denied June 10, 1975.
Certiorari Denied August 18, 1975.
*494 Johnson, Makris & Hunsaker, P. C., William J. Hunsaker, Hans W. Johnson, Denver, for plaintiff-appellee.
Yegge, Hall & Evens, Robert S. Treece, Samuel David Cheris, Denver, for defendant-appellant.
Not Selected for Official Publication.
COYTE, Judge.
Defendant appeals from the decree determining alimony and the division of property entered by the court in the parties' divorce proceeding. The parties were married in 1944 and separated in 1970. They spent all except one year of their married life working on the family ranch. While defendant worked on the ranch, plaintiff raised the couple's four children. Defendant was a director, secretary, and treasurer of the ranch which was a closely held corporation with the only stockholders being defendant, with 13 shares, defendant's brother, with 13 shares, and defendant's mother, with 2 3/20 shares.
Because of the complexity of alimony and property issues, the case was referred to a master. He submitted a detailed report to which both plaintiff and defendant objected. After the divorce in 1971, just prior to hearing on objections to the master's report, the parties orally stipulated as to alimony and division of property, subject to consummation of the sale of the ranch. The sale was completed; however, defendant refused to sign the stipulation after it had been reduced to writing and filed a motion to set it aside. After a two day hearing, the court refused to set the stipulation aside and entered an order in conformity with it. Defendant contends *495 that the stipulation did not represent a final agreement, that it was inequitable, and that the tax consequences of the property settlement order created an undue burden upon him. We disagree and affirm.
Stipulations as to property settlement and alimony are encouraged by the state. See Smith v. Pueblo Savings & Trust Co., 103 Colo. 91, 83 P.2d 333. As stated in Eisenson v. Eisenson, 158 Colo. 394, 407 P.2d 20, a case similar to the one presented here, "A party to an action cannot stipulate in open court to one thing and then later change [his] mind and withdraw that consent." See also Watson v. Watson, 29 Colo.App. 449, 485 P.2d 919. Defendant, however, contends that the stipulation should be set aside because he relied upon erroneous tax information from his attorney in agreeing to the stipulation. Setting aside a stipulation for a unilateral mistake of law or fact is within the discretion of the trial court. Maikka v. Salo, 110 Colo. 433, 134 P.2d 723. Here the court heard the testimony as to why defendant disagreed with the stipulation and concluded that the stipulation represented the agreement between the parties and should not be set aside. A review of the record reveals that the court did not abuse its discretion in so ruling.
Defendant also contends that the proposed written agreement differs materially from the oral stipulation. A careful reading of the record discloses that the two are substantially the same and that any changes made in the proposed written agreement were made for defendant's benefit, by adjusting the time for making payments to the wife to coincide with date of receipts by him from the sale of the ranch.
Defendant contends that the final order entered by the court is inequitable and that the court abused its discretion in entering the order. While defendant received his interest in the ranch through gifts and inheritance, it greatly appreciated in value during the years that the parties lived and worked thereon. In Santilli v. Santilli, 169 Colo. 49, 453 P.2d 606, the court allowed a division of the appreciation of the property during the period of the marriage of the parties. The statute controlling at the time of the divorce, C.R.S. 1963, 46-1-5(2), directs that a fair and equitable division of property be made. The financial situation of the parties at the time of the divorce decree, not at the time of the marriage is determinative. Shapiro v. Shapiro, 115 Colo. 505, 176 P.2d 363; Thompson v. Thompson, 30 Colo.App. 57, 489 P.2d 1062. The award by the trial court will not be disturbed unless there is abuse of discretion. Nunemacher v. Nunemacher, 132 Colo. 300, 287 P.2d 662; Thompson v. Thompson, supra.
Where, as here, it is shown that the wife's efforts in conjunction with the husband's built up or kept the inherited property intact, she should be awarded the value of her efforts. See Gaskie v. Gaskie, Colo., 534 P.2d 629 (announced April 14, 1975) ; Santilli v. Santilli, supra. Regarding the husband's rights, we find no abuse of discretion in the trial court's approving a stipulation between the parties which awarded the wife alimony and division of property amounting to less than 20% of the value of the property owned by the parties at the time of the divorce.
Defendant also contends that the court abused its discretion in awarding plaintiff attorney fees for the hearing to set aside the stipulation. The hearing resulted because of defendant's efforts to avoid the stipulation which the court found to be enforceable. Under these circumstances, the court did not abuse its discretion in making allowance of attorney fees to plaintiff. See Krall v. Krall, 31 Colo. App. 538, 504 P.2d 681.
We find defendant's other contentions to be without merit.
Judgment affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.