611 P.2d 133

Vernessa L. **WEEKES**,
Plaintiff-Respondent,

· v.

Veral D. **WEEKES**, Defendant-Appellant.

No. 13059.

Supreme Court of Idaho.

April 15, 1980.

Rehearing Denied June 9, 1980.

Robert M. Kerr, Jr. of Kerr, Williams & Clarke, Blackfoot, for defendant-appellant.

Reginald R. Reeves of Denman, Reeves & Ohman, Idaho Falls, for plaintiff-respondent.

PER CURIAM.

This appeal is from an order dividing and awarding real and personal property and awarding attorney fees, entered after a dissolution of marriage.

Plaintiff-respondent Vernessa L. Weekes, now deceased, and defendant-appellant Vearl D. Weekes were married March 25, 1954. Prior to that time appellant owned certain real property described as

> The portion of Lots 3 and 4, Block 4, City of Victor, which lies N. of the Union Pacific Railroad right of way, in Teton County, Idaho

on which were located a three-room log house, a small sawmill and some outbuildings. After the couple were married they occupied the log house as a residence and, using their own labor, made substantial improvements thereto.

A life insurance policy was purchased on the life of a son of the marriage, in which policy respondent was named as the primary beneficiary and appellant the secondary beneficiary. Appellant acknowledges that the policy premiums were paid by the son. During the marriage, the son was killed in an auto accident and the proceeds of the policy were paid to the wife as the primary beneficiary.

The parties maintained joint savings and checking accounts in which all funds were kept.

The district court concluded the real property was the separate property of appellant. The court found the property had been enhanced in value by community ef-

forts in the amount of $19,000 and that the community was entitled to reimbursement in that amount. It therefore awarded respondent the sum of $9,500 as her share of the amount by which the community was entitled to be reimbursed.

The division of the bank accounts is set out in the memorandum decision as follows:

"From the community property before division, the plaintiff is entitled to the sum of $800.00 attorney fees. The sum of $460.00 has been paid, leaving a balance of $340.00. Defendant is entitled to receive the sum of $600.00 to apply on his attorney fees. After these amounts are deducted, the balance of the savings account shall be equally divided. If such an amount is not in the savings and checking accounts, an appropriate adjustment shall be made in the division of the community interest in the real property."

The judgment, due to an obvious oversight, awarded plaintiff the entire sum of $800 for attorney fees, with no deduction for the $460 already paid from community funds. In addition, the court awarded respondent one-half the balance in the checking and savings accounts, but made no award of the other half.

■ The court found the proceeds of the life insurance policy were respondent's separate property; that finding is supported by the record and is affirmed.

The remainder of the couple's possessions were divided by respondent into two lots, and appellant was awarded his choice of lots.

■ The failure of the judgment to reduce the $800 attorney fee award by the amount already paid, and the failure to award appellant the remaining one-half of the balance of the bank accounts clearly arose from omission or oversight. Such mistakes are subject to correction by the court pursuant to I.R.C.P. 60(a). The judgment is ordered so corrected to award respondent $340 (instead of $800) for attorney fees and to award appellant the other one-half the balance remaining in the bank accounts.

■ The values, before and after the marriage, which the trial court ascribed to appellant's separate real property in determining the amount by which the community was entitled to reimbursement for enhancement thereto, are supported by substantial and competent evidence. The judgment of the trial court, as ordered corrected, is affirmed.

No costs allowed.