William D. JAMES, Appellant,

v.

Mae JAMES, Appellee.

Court of Appeals of Kentucky.

July 3, 1981.

John R. McGinnis, McBrayer, McGinnis & Leslie, Greenup, for appellant.

Charles M. Daniels, Daniels, Armstrong, Cantrell & Hatfield, Greenup, for appellee.

Before COOPER, McDONALD and WHITE, JJ.

McDONALD, Judge:

This is an appeal from a decree of dissolution. The marriage lasted 31 years. The parties are in their early fifties and one of their two children is still dependent. At the time of the filing, the appellant earned about $15,000 a year as an employee for the Chessie System, and the appellee ran a small grocery store as sole proprietor. They lived on a 29-acre tract which had been given as a life estate to the appellee by her family. Their home, several outbuildings and the store were located on the property. They also owned several vehicles and about $3,000 worth of cattle. According to the appellant, their marital debts totaled approximately $11,000.

A master commissioner heard the evidence and recommended the following disposition of the marital property: improvements to the real property, valued at $5,000, were to be split equally between the parties; the 1970 Buick and associated indebtedness went to the appellee, and the other vehicles along with their debts to the appellant; the store equipment and any indebtedness associated were to go to the appellee; and assorted items of personalty (lawnmower, seedsower, treetrimmer, etc.) were to go to the appellant. The store equipment and items of personalty were not given dollar values. The commissioner awarded the appellee $2,500 as lump sum maintenance and set it off as a credit against the appellant's share of the improvements. The appellant was to pay all the other marital debts and the court costs. The commissioner awarded no other maintenance after consideration of the division of marital property as well as the appellant's debts and his ability to pay. The appellee was given custody of the child and appellant was to have reasonable visitation. The commissioner recommended that the appellant pay $75 per week in child support.

Both parties filed exceptions to the report. The Greenup Circuit Court overruled the exceptions and confirmed the master commissioner's report, modified as follows:

The question of future periodic maintenance and/or medical and hospital expenses that may be due to the petitioner from the respondent is hereby reserved, depending on future circumstances, and is subject to future orders of this court.

■ On this appeal, the appellant first contends that the trial court abused its discretion in reserving the question of future maintenance and medical expenses. He argues that K.R.S. 403.200 does not permit a court to reserve the question depending on future events. We disagree because as we read the statute, it allows the trial court to provide for probable changes in either party's ability to be self-supporting. Our statute, which was modeled on the Uniform Marriage and Divorce Act (U.M.D.A.) authorizes an award of maintenance upon a dual finding that the spouse seeking it (a) lacks sufficient property to provide for his reasonable needs and (b) is unable to support himself through appropriate employment. K.R.S. 403.200(1). The next subsection of the statute addresses the amount and duration of the maintenance award. It directs that a maintenance order be for such period of time as the court deems just, after considering all relevant factors including the duration of the marriage and the physical condition of the spouse seeking maintenance. K.R.S. 403.200(2). The record on appeal contains evidence that the appellee's earnings from the store were nominal. In addition, she had a history of cancer. Apparently the trial court reasoned that although she was not currently in need of periodic support, her present condition was unstable and adjustments should not be foreclosed. The statute expressly places decisions on the amount and duration of maintenance within the discretion of the trial court, and we think that discretion was well exercised here.

Although Kentucky courts have not addressed this issue, courts in other jurisdictions under the U.M.D.A. have held that when a spouse may not be able to support herself on a permanent basis due to the effects of an existing injury, reservation of the issue of maintenance for subsequent determination or award of nominal maintenance subject to subsequent review is per-

missible under the statute. *Davis v. Davis,* 35 Colo.App. 447, 534 P.2d 809 (1975).

The appellant also challenges the award of $75 per week child support and asks that we set it aside as excessive. The appellant argues that, coupled with the burden of the marital debts, the figure is unreasonable. He states he is willing to pay a reduced amount in child support until he has finished paying off the debts and then would be willing to respond to a motion for an increase. We believe the appellant has his priorities in reverse order.

 It is difficult on this record to determine the exact amount of appellant's indebtedness in order to estimate whether the amount ordered is within his ability to pay. According to his testimony, the parties owed $11,000 jointly, but some of the debts were assigned to the appellee along with the items encumbered, such as the car and the store equipment. In and of itself, the amount of support ordered is reasonable in relation to the appellant's income and falls within the guidelines of the Child Support Chart in use in the Commonwealth. *See* 4 Baldwin's *Kentucky Practice,* 11, 12 (1979). Trial courts are vested with broad discretion in setting amounts for child support. *Wilhoit v. Wilhoit,* Ky., 521 S.W.2d 512 (1975). The appellant has not demonstrated an abuse of discretion or a clear error which would warrant setting aside the amount ordered. CR 52.01.

For these reasons the judgment of the Greenup Circuit Court is affirmed.

All concur.