In re the MARRIAGE OF Mariann E. DICKEY, Appellee,

and

Norman L. Dickey, Appellant.

No. 82CA0256.

Colorado Court of Appeals, Div. III.

Oct. 21, 1982.

Rehearing Denied Nov. 18, 1982.

Brown & Brown, Michael Schottelkotte, Delta, for appellee.

David C. Johnston, Paonia, for appellant.

BERMAN, Judge.

In this dissolution of marriage action, husband appeals from the permanent orders relating to child custody and support, maintenance, and division of property. He alleges error also in a temporary order relative to visitation. We affirm.

This was an 18-year marriage. The parties had three children who were 17, 15, and 13 years old at the time of dissolution. During the parties' eight-month separation, the children lived with their father at the family home in Colorado. Their mother moved to Nebraska and intended to live there. In separate interviews with the trial court, the two older children stated that they wished to remain in their home community with their father, while the younger son indicated a "strong preference" for living with his mother. The trial judge expressed his concern about separating the children and explored with them their feelings about a possible separation.

At the time of dissolution, husband owned a distributing business for baked goods and estimated his net monthly income to be $1,000. Wife earned approximately $400 net monthly as a nurses' aide. The deductions from her gross earnings included a $104 monthly payment for health insurance for herself and the children. As found by the trial court, wife expected a "minimal" increase in pay shortly after the hearing. She had worked during the marriage as a secretary and in banking, and had had gross earnings of about $250 more monthly in her most recent job in Colorado than in the job she held in Nebraska. She borrowed approximately $1,500 for her living expenses during the period of separation.

The trial court awarded custody of the two older children to the husband; wife was awarded custody of the youngest child. The court's visitation order provided that the children would be together during vacation periods. Husband was ordered to pay $150 monthly in child support for his youngest son, and maintenance of $100 monthly to the wife for a three-year period. The parties were required to pay their own attorney fees.

As to property, the parties' marital estate, as found by the trial court, included the family residence with a value of $85,000, furniture with a value of $12,000, and the husband's business whose primary asset other than inventory was a vehicle with a value of $9,000. Taking into consideration the parties' debts, the court determined that the net value of the marital estate was $63,098. It excluded from its calculations husband's stated debt for business inventory on the grounds that it approximated the "floating" inventory of the business. It also did not consider an automobile in which the parties owned no equity.

All of the property except furniture valued at $4,000 was set aside to the husband, and he was required to pay the debts associated with these assets. To equalize the division, husband was ordered to pay $29,103 to the wife within 120 days.

Relying on *Songster v. Songster,* 150 Colo. 466, 374 P.2d 197 (1962), husband first contends that the trial court abused its discretion in separating the children by awarding custody of the youngest son to the wife. In *Songster* the court stated that "[d]ivision of the children between the parents is not generally proper unless the paramount interest of the children requires it." However, the primary focus of any custody determination, including one involving separation of children, must be the best interests of the children. Section 14–10–124, C.R.S. 1973; *Kelley v. Kelley,* 161 Colo. 486, 423 P.2d 315 (1967).

Here, although husband has not included in the record on appeal the custody evaluation to which he refers in his brief, it is evident from the court's order and its interviews with the children that its paramount concern was for their best interests. We conclude that the trial court conducted its custody determination in conformity with the requirements of § 14–10–124(1), C.R.S.1973, and that its conclusion is within the broad ambit of its discretion. *See generally In re Marriage of Trouth,* 631 P.2d 1183 (Colo.App.1981).

The trial court is also imbued with broad discretion in determining matters of child support, maintenance, and division of property, and its resolution of these issues will not be disturbed on review except when there has been a clear abuse of that discretion. *Carlson v. Carlson,* 178 Colo. 283, 497 P.2d 1006 (1972); *In re Marriage of Davis,* 35 Colo.App. 447, 534 P.2d 809 (1975). These issues are interrelated and must generally be considered together. *Carlson, supra; Davis, supra.* Here, based on the record before us, we find no abuse of discretion in any of the court's orders.

As to division of property, husband contends that valuation of some of the parties' assets and liabilities was not supported by the evidence. The verified statements in the financial affidavits submitted by the parties generally provide the necessary support for the trial court's findings, which are therefore binding on review. *In re Marriage of Talarico,* 36 Colo.App. 389, 540 P.2d 1147 (1975). Moreover, insofar as husband's argument is premised on exhibits admitted at the permanent orders hearing, we are precluded from considering it as the exhibits have not been designated as part of the record on appeal. *See In re Application for Water Rights of Michel,* 638 P.2d 74 (Colo.1981).

The mechanism employed by the court for dividing the marital estate, and specifically the requirement that husband pay wife her share within 120 days, was also a matter within the trial court's discretion. *See In re Marriage of Reeser,* 635 P.2d 930 (Colo.App.1981). The fact that almost all of the property which the parties accumulated during the marriage remained with the husband, including an equity of over $60,000 in the marital residence, justified the court's order. Moreover, without the cash payment wife lacked the resources which would enable her to establish a home for herself and the parties' son. We perceive no abuse of discretion.

The court's orders relative to maintenance and child support reflect consideration of the statutory factors set forth in §§ 14–10–114(1) and (2), C.R.S.1973 (1981 Cum.Supp.) and § 14–10–115(1), C.R.S.1973, and are based on factual determinations which are supported by the evidence. Hence, they also are binding on review.

We have considered husband's contention with respect to the court's visitation order and find it to be without merit.

Judgment affirmed.

KIRSHBAUM and TURSI, JJ., concur.