**In re the Marriage of I. Kaleen HULSE, n/k/a I. Kaleen Kariainen, Appellant,**

**and**

**Marvin Wayne Hulse, Appellee.**

**No. 85CA1101.**

Colorado Court of Appeals, Div. III.

Sept. 18, 1986.

Richard E. Falcone, Colorado Springs, for appellant.

Shakeshaft & McCaffrey, P.C., Kenneth J. Shakeshaft, Colorado Springs, for appellee.

BABCOCK, Judge.

In this dissolution of marriage action, wife, I. Kaleen Hulse, n/k/a I. Kaleen Kariainen, appeals from the permanent orders entered concerning division of property and maintenance. We affirm in part, reverse in part, and remand with directions.

The dissolution became final on June 21, 1985, after nearly two years of marriage. The trial court awarded the house which was the parties' marital residence to husband, Marvin Wayne Hulse, finding that he had purchased the house prior to the marriage, that the deed was in his name only, that he had not made it a gift to wife, and that the house was therefore husband's separate property. Because the evidence

failed to establish that the house's value had appreciated during the marriage, the trial court did not award wife any increase in value. Finally, to accomplish an equitable division of property, the trial court ordered wife to return to husband certain household appliances and furniture in her possession. Finding that the parties were self-supporting, the trial court denied their requests for maintenance.

## I.

Wife contends that the trial court erred: (1) in failing to acknowledge her statutory or equitable claim of a marital or equitable interest in the house; (2) in concluding that the evidence was insufficient to establish that the house had increased in value during the marriage; and (3) in failing to make a specific finding as to whether the property division was equitable. We reject these contentions.

In the absence of an abuse of discretion, a trial court's property disposition in a dissolution of marriage action will not be disturbed on review. *In re Marriage of Wildin*, 39 Colo.App. 189, 563 P.2d 384 (1977). In dividing property, the trial court first must classify it as either separate or marital. *In re Marriage of Wildin, supra;* § 14–10–113, C.R.S. Marital property, including the increase in value of separate property, must then be divided in an equitable manner between the parties according to the factors set forth in § 14–10–113(1)(a) through (d), C.R.S. Specific findings as to the value of each asset are not required so long as the basis for the trial court's decision is apparent from its findings. *In re Marriage of Davis*, 35 Colo. App. 447, 534 P.2d 809 (1975); *see also In re Marriage of Fleet*, 701 P.2d 1245 (Colo. App.1985); *cf. In re Marriage of Wildin, supra.*

Here, the trial court's findings with respect to the house and its classification of the house as separate property are supported by the record and by applicable law. Accordingly, these determinations will not be disturbed on review. *See Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

While wife's testimony and financial affidavit indicated that the house's value had increased $4,000 during the two-year marriage, husband's financial affidavit indicated that it had not appreciated. Moreover, neither an appraisal made at time of the marriage nor an appraisal reflecting the house's value at the time of dissolution were introduced into evidence to substantiate wife's claim. Thus, the trial court did not err in finding that the evidence failed to establish an increase in the house's value, nor did it err in failing to make specific findings as to the value of the house. *See In re Marriage of Davis, supra.*

Finally, although the trial court made no specific finding that the property division was equitable, it ordered wife to return certain property to husband in order to assure an equitable division of property. This evinces the basis for the trial court's decision, satisfying C.R.C.P. 52(a). *See In re Marriage of Fleet, supra; In re Marriage of Davis, supra.*

## II.

During hearing on permanent orders, husband objected to evidence concerning wife's earning capacity and the medical expenses she had incurred during the marriage. The objection, based upon relevancy and wife's filing of a civil suit against husband seeking compensation for her medical expenses, was sustained. Wife contends that this evidence was relevant to her request for maintenance and was therefore improperly excluded. We agree.

An award of maintenance must be based upon detailed findings that the spouse seeking maintenance lacks sufficient property to provide for his or her reasonable needs and that such spouse is unable to support himself or herself through appropriate employment. *In re Marriage of Jones*, 627 P.2d 248 (Colo. 1981); *In re Marriage of Laychak*, 704 P.2d 874 (Colo.App.1985); § 14–10–114(1), C.R.S. Evidence tending to make these

threshold requirements of need more or less probable is relevant under CRE 401.

Here, evidence of wife's medical expenses and earning capacity tends to establish the statutory threshold requirements of need upon which an award of maintenance may be based. While evidence that husband allegedly inflicted the injuries which resulted in wife's medical expenses and decreased her earning capacity is irrelevant here, *see Franks v. Franks*, 189 Colo. 499, 542 P.2d 845 (1975); CRE 403, evidence of wife's medical expenses and earning capacity is relevant to her "reasonable needs" and "ability to support herself through appropriate employment." Accordingly, the trial court's exclusion of this evidence adversely affected wife's rights regarding maintenance, and its order denying maintenance therefore may not stand. *See* CRE 103; C.R.C.P. 61.

 Husband's argument that wife "cannot have it both ways" by seeking recovery of medical expenses and damages for diminished earning capacity both in this case and in a separate civil action against him is unpersuasive. Civil damages are intended to compensate a plaintiff for damages caused by the defendant's tort, while maintenance is intended to enable a spouse to meet his or her reasonable needs. To the extent that success in the civil action would enable wife to provide for her reasonable needs, an award of maintenance would be subject to modification. *See* § 14–10–122, C.R.S.

Husband's request for sanctions under C.A.R. 38 is denied.

In this case the property division order is affirmed and its provisions are not so closely connected with the issue of maintenance as to require reconsideration by the trial court of the property division. *See In re Marriage of Jones, supra.* Accordingly, that part of the judgment of the trial court denying maintenance to wife is reversed, and the cause is remanded to the trial court for further proceedings, to make findings as to the needs and abilities of the parties, and, if appropriate, to enter an order for maintenance consistent with this opinion. The remainder of the judgment is affirmed.

PIERCE and TURSI, JJ., concur.