**In re the MARRIAGE OF Roger W. SHARP, Appellee,**

**and**

**Beverly M. Sharp, Appellant.**

**No. 90CA1224.**

Colorado Court of Appeals, Div. III.

Dec. 5, 1991.

Springer & Steinberg, P.C., Jeffrey A. Springer, Denver, for appellee.

John T. Maley, Denver, for appellant.

Opinion by Judge TURSI.

Wife, Beverly M. Sharp, appeals the permanent orders entered by the trial court following the dissolution of her marriage to husband, Roger W. Sharp. We affirm.

The parties were married in 1980, at which time, husband owned 100 shares of certain stock. In 1988, husband's mother died, leaving husband as beneficiary of her life insurance policy. Husband deposited the proceeds into a bank account titled in his name only.

In 1990, the trial court entered its permanent orders finding that the stock and the insurance proceeds were husband's separate property.

## I.

On appeal, wife first contends that the trial court erred in finding that the insurance proceeds were husband's separate property. We disagree.

 Property acquired by gift, bequest, devise, or descent during the marriage by one party remains that party's separate property and must be set aside to that party at the time of a dissolution. Section 14–10–113, C.R.S. (1987 Repl.Vol. 6B). Whether the requirements of a gift have been met, *i.e.*, donative intent coupled with an act which consummates the gift, is a question of fact, and if the trial court's determination, as here, is supported by the record, it is binding on review. *Love v. Olson*, 645 P.2d 861 (Colo.App.1982).

 Here, in holding the life insurance proceeds to be husband's separate property, the trial court did not specify that these funds were acquired by gift. Such a finding is implicit, however, the remaining methods of acquisition, by bequest, devise, or descent, are inapplicable, as these terms refer to testamentary and intestate distribution. *See* § 15–10–201(9), C.R.S. (1987 Repl.Vol. 6B); *Black's Law Dictionary* 145 & 400 (5th ed. 1979).

 Wife argues that because husband's mother did not deliver the insurance policy to husband and therefore retained the power to change the beneficiary of the insurance policy until her death, no gift occurred. However, nowhere in the record is there support for wife's assertion that the insurance policy was not delivered.

Moreover, a gift is perfected when the donee receives it; a gift does not fail only because the donor retains some control over it until that time. *See Love v. Olson, supra* (placement by husband of funds into joint account constitutes gift to wife, perfected when wife withdraws funds). *See also Gurnett v. Mutual Life Insurance*

*Co.,* 356 Ill. 612, 191 N.E. 250 (1934) ("The designation of a beneficiary in a policy of life insurance creates an inchoate gift of the proceeds of the policy, which, if not revoked by the insured in his lifetime, rests in the beneficiary at the time of the former's death.").

Our reasoning in this matter is supported by each of the only three jurisdictions which have dealt with this issue. In *Fields v. Fields,* 643 S.W.2d 611 (Mo.Ct.App.1982), the Missouri Court of Appeals, whose definition of separate property is identical to our own, *see* Mo.Rev.Stat. § 452.330.2(1), (2) (1978), held that insurance proceeds received as a beneficiary to a life insurance policy are acquired by gift. Two other jurisdictions also hold such insurance proceeds to constitute the separate property of the beneficiary. *See Weekes v. Weekes,* 101 Idaho 213, 611 P.2d 133 (1980); *Brunson v. Brunson,* 569 S.W.2d 173 (Ky.Ct. App.1978).

Wife's argument that these cases do not indicate whether the insurance proceeds were received during the marriage is without merit. If the funds were not received during the course of the marriage, their source would be irrelevant; nor could their status as separate property be contested.

## II.

Wife next contends that the trial court erred in failing to award her any of an alleged increase in value of husband's stock. We disagree.

In the absence of an abuse of discretion, a trial court's property disposition in a dissolution of marriage action will not be disturbed on review. And, in dividing property, the court must first classify it as either separate or marital. *In re Marriage of Hulse,* 727 P.2d 876 (Colo.App. 1986).

Marital property, including the increase in value of separate property, must be divided in an equitable manner between the parties according to the factors set forth in § 14–10–113, C.R.S. (1986 Repl.Vol. 6B). Specific findings as to the value of each asset are not required so long as the basis for the trial court's decision is apparent from its findings. *See In re Marriage of Fleet,* 701 P.2d 1245 (Colo.App.1985).

Here, it was undisputed that the stock was husband's separate property. Since wife did not offer any evidence that the stock's present value reflected an increase during the marriage, there was no evidence upon which the court could have based such a ruling. Accordingly, the trial court's disposition is supported by the record and will not be disturbed on review.

The judgment is affirmed.

RULAND and DUBOFSKY, JJ., concur.